60    47
163s 552

## Thomas J. Larison v. Sarah Wolff.

1. DOWER—*Setting Aside a Given Sum in Lieu Thereof.*—Where a widow consents to a decree by which a fund equal to one-third of the estate is set aside for her use as dowress, she must treat the fund as she would treat so much of the real estate itself had it been set apart for her use. If altered conditions have compelled a reduction of interest, it is her misfortune, but she can not encroach upon the principal.

Proceedings in Dower.—Appeal from the Circuit Court of Logan County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the November term, 1894. Reversed and remanded. Opinion filed June 3, 1895.

OSCAR ALLEN, attorney for appellant.

BEACH & HODNETT, attorneys for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order of the Circuit Court made upon the application of the appellee in reference to her claim as dowress.    The facts necessary to be stated are that in 1886, one Gessner filed a bill for partition and assignment of dower, to which bill the appellee, then the widow of Dawson Frakes, who was a tenant in common of part of the real estate, was a defendant.

Pursuant to a decree of partition the premises in which the widow had dower were sold by the master for the sum of $7,527.

The appellant was a purchaser at the sale to the amount of $5,745.    The sale having been made free of dower, the yearly value of that interest was assessed by a jury at $250.90, which was precisely ten per cent per annum on one-third of the purchase money of the premises in which she had dower, and from the verdict of the jury it appears that such was the basis on which the assessment was made.

Thereupon a decree was entered as follows:

" It is ordered that said Sarah Frakes have and receive from the estate of her said husband, sold as aforesaid, each and every year during her natural life, the sum of $250.90, the same being the yearly value of her dower in said premises as assessed by the jury aforesaid.    It is further ordered and decreed by the court that the master in chancery place a sufficient amount of the proceeds of said sale (belonging to the estate of said Dawson Frakes) at interest at ten per cent per annum as fast as the same shall be collected, as shall be sufficient to realize said sum of $250.90 annually, and that he pay the same to said Sarah Frakes as fast as collected, taking receipt for same.    That he loan it on security,  *   *   *   and distribute,  *   *   *   "

In pursuance thereof the master loaned the sum of $2,509 at the rate of ten per cent per annum.    The court approved the reports of the master showing the loan of this money and ordered the remainder of the purchase money to be distributed.    Of the amount thus set aside for the benefit of

the dowress the appellant was assessed and under such assessment contributed the sum of $639.33, and to that extent he is interested in the preservation of the principal.

It appears that the master collected the interest regularly and paid it over to the widow until 1879, a period of some ten years, when he reported to the court that the money could no longer be loaned at over eight per cent interest, and the court then made an order that he loan at that rate, which was done, and the interest was collected and paid to the widow accordingly from November, 1879, to November, 1892, a period of thirteen years. At the May term, 1894, a petition was filed in her behalf setting up in substance the foregoing facts as to the payments made to her, and that since November, 1892, nothing had been paid to her; that she had assigned all her claim in that behalf to her attorneys as collateral security, etc.; and asking that she be allowed out of the fund in the master's hands a sum sufficient to make up the full $250.90 per annum during the entire period from November, 1879, when the rate of interest was reduced to eight per cent.

On the hearing of the application the files and record of the cause were presented and oral proof showing the payments as alleged in the petition, and the court made an order requiring the master to pay to the attorneys of petitioner, the sum of $1,214.24 out of the first money coming to his hands. This sum includes $75 for attorney's fees in an action on the bond of a former master in chancery, who had defaulted.

The appeal questions the propriety of this order. It is insisted on behalf of the appellee that the original order was unconditional that the sum of $250.90 should be paid to the widow annually.

This was the assessed annual value of her dower as found by the jury upon the basis of ten per cent per annum upon one-third of the purchase money as already noticed, but coupled with and forming a part of it was the further order of the court by which the payment of the sum so assessed was to be obtained from a particular fund which was to be loaned

by the master at ten per cent and the interest to be paid over to her, and the master having reported the loan of $2,509 at ten per cent, the court approving his action, ordered a distribution of the balance of the moneys derived from the sale, including the sum contributed by appellant.

Now when all the orders of the court are considered they amount to the setting aside of $2,509 (which was one-third of the value of the estate in which the widow had dower) for the use of the widow, and this was in substance equivalent to the assignment of that much of the estate for her use. Had she desired, she might, no doubt, have obtained an order for the annual payment of the $250.90, without conditions of any sort; but she acquiesced in the special provision by which her claim was to be enforced in an especial and particular way, *i. e.*, by setting aside enough money to produce, at ten per cent per annum, the sum required, and by subsequent action, which was approved, the sum of $2,509 was so invested and set apart for her use. In effect this was to relieve the estate from the payment of the annuity and to rely wholly upon the sum so set aside for that purpose. The widow accepted these provisions for her benefit and presumably was content therewith. In view of the then situation the arrangement was doubtless very favorable to her. Had the rate of interest in that vicinity been maintained she would have made no complaint, and after the receipt of the ten per cent for ten years or more, she acquiesced in an order made by the court authorizing the master to loan at eight. It is to be presumed that she was content with this change for she made no objection and accepted the sum arising from the reduced rate for some thirteen years.

Having thus consented to a decree by which a certain fund, equivalent to the value of one-third of the estate, was set aside for her use as dowress, she must treat that fund as she would treat so much of the real estate itself had it been set apart for her use. She could not have wasted or sold such part of the real estate and could only have enjoyed whatever it might produce either by her personal oc-

cupation of it or by way of rents. So as to this fund. If altered conditions have compelled a reduction of interest, it is her misfortune, but she can not encroach upon the principal.

It is not competent by such an order as here made, after such lapse of time, to modify the original decree, nor is it equitable to do so. In our opinion the decree appealed from is erroneous. It will, therefore, be reversed and the cause remanded.